IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-113-RLV-DCK

| | |
|---|---|
| CHERESE M. CIANO PLATZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>REGIS CORPORATION D/B/A SMART )<br>STYLE, TAMMY TUCKER, AND )<br>DENISE TOWNSEND, )<br>)<br>Defendants. )<br>) | **MEMORANDUM AND<br>RECOMMENDATION<br>AND ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion for Leave to Amend the Complaint…" (Document No. 22) and Plaintiff's "Motion to Extend Time to Respond to Defendants' Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint" (Document No. 24). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, and noting consent by counsel for Defendants, the undersigned will <u>grant</u> the "Motion for Leave to Amend the Complaint" (Document No. 22), and <u>deny as moot</u> the "Motion to Extend Time to Respond to Defendants' Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint." The undersigned will also respectfully recommend that "Defendants' Motion to Dismiss…" and "Defendants' Motion to Strike Portions of Plaintiff's Complaint" (Document Nos. 14 and 16) be <u>denied as moot.</u>

## BACKGROUND

The Complaint (Document No. 1) was filed pro se by Plaintiff on August 10, 2012. Counsel for Plaintiff was retained to represent Plaintiff on or about December 28, 2012. Plaintiff now seeks to amend the Complaint in order to clarify claims set out – or attempted to be set out - in the original Complaint (Document No. 22). Counsel for Plaintiff has consulted with counsel for Defendants who consented to "Plaintiff's Motion for Leave to Amend the Complaint."

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); and see, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

2

**DISCUSSION**

The undersigned finds no evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motions, the undersigned finds that Plaintiff's motion to amend should be granted. Because the undersigned will order Plaintiff to file an Amended Complaint which supersedes the previous Complaint, the undersigned will respectfully recommend that "Defendants' Motion to Dismiss Plaintiff's Complaint" (Document No. 14) and "Defendants' Motion to Strike Portions of Plaintiff's Complaint" (Document No. 16) be denied as moot. This recommendation is without prejudice to Defendants filing a renewed motion to dismiss and/or motion to strike the Amended Complaint, if appropriate. Accordingly, the undersigned will deny as moot Plaintiff's "Motion to Extend Time to Respond to Defendants' Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint" (Document 24).

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and

Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc., 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Leave to Amend the Complaint" (Document No. 22) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **January 22, 2013**[1].

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Extend Time to Respond to Defendants' Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint" (Document 24) is **DENIED AS MOOT**.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned also respectfully recommends that "Defendants' Motion to Dismiss Plaintiff's Complaint" (Document No. 14) and "Defendant's Motion to Strike Portions of Plaintiff's Complaint" (Document No. 16) be **DENIED AS MOOT.**

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

4

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315 16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED AND RECOMMENDED**.

Signed: January 10, 2013

David C. Keesler
United States Magistrate Judge